IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00289-M-9

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON LEE HATHAWAY,

    Defendant.

ORDER

This matter comes before the court on Defendant Jason Lee Hathaway's ("Defendant" or "Hathaway") Motion to Sever his charges from this multi-defendant action [DE 424]. Hathaway "recognizes that this court has considered and denied an identical motion filed by codefendant William Franklin Beasley" and "adopts and incorporates the arguments" made by Mr. Beasley. *Id.* at 1. Specifically, Hathaway, who is charged in Counts Four and Five of the Indictment, contends that his joinder in the Indictment is improper under Rule 8 of the Federal Rules of Criminal Procedure and, alternatively, that his joinder with Defendants charged in Count One, who have been charged with a capital crime, is unduly prejudicial. The United States opposes the motion, arguing that the charges against Hathaway involve the same enterprise and similar evidence as the charges against his co-Defendants. *See* DE 434.

For the same reasons set forth in this court's February 26, 2025 order (DE 305), the court finds Hathaway is properly joined in this case under Rule 8(b). Furthermore, the court finds Hathaway fails to demonstrate undue prejudice from his continued joinder in this case with Defendants charged in Count One. Hathaway contends that "the delay inherent in the capital case process (which does not apply to him) will unfairly and unnecessarily delay his trial." Mot. at 4.

However, on June 8, 2025, the United States filed a Notice advising that "the Government will not seek the death penalty against the defendants ... with respect to Count One in this case." DE 362. To the extent that Hathaway incorporates other applicable arguments concerning undue prejudice that were previously raised by Beasley, the court rejects such arguments for the same reasons set forth in its February 26, 2025 order.

Therefore, Defendant's motion to sever [DE 424] is DENIED. As discussed at the Defendant's arraignment on October 21, 2025, counsel for the parties shall confer and provide the court with proposed trial dates. The court has determined that the ends of justice served by permitting counsel to confer regarding trial dates and prepare for trial outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by this order shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7).

SO ORDERED this 22d day of October, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE